WRIGHT, J.
The statute (29 O. L. 90) allows appeals from "“.any final sentence or decree made in any cause in chancery.” This language could hardly have been employed unless the general assembly contemplated an appeal from something other than the last ■or concluding order or decree in the cause. If we suppose the word sentence, which more appropriately belongs to an admiralty or a 'criminal court than to chancery, was inadvertently used instead of ■the usual term, ordei', which is used in chancery proceedings, and give to it the same signification we should give to the term order, and we do not know what other meaning to give it, there will be little difSculty in construing the statute. That is a final decree which determines the merits or principles of the cause. The Supreme Court of the United States in 3 Graneh, 179, determined that a decree for a sale under a mortgage, was such a final decree as might be appealed, from. The act of Congress allows appeals only from “■ z, final judgment or decreed We hold a decree or order final and within the legislative provision allowing an appeal, which is -conclusive'as to the subject, or object of.it — -which determines the rights of the parties as to that matter. Such we understood to have been the Uniform construction of this court. The decree before us is final as to the complainant’s right to charge the mortgaged premises with his debt, and to foreclose the mortgagor and other par *538 ties of all their equities in favor of the purchaser. After the sale,, if one take place, nothing more is requisite, than for the chancellor-to examine the proceedings of the master, confirm them, if found regular, and order the proper application of the proceeds. An appeal aftei the sale would leave the decree determining the right to sell, the main matter in controversy, in full operation, untouched;. (1 O. 271; 3 O. 448.)
Fox and Hammond contended,
that no decree for sale or foreclosure could be made, until the last instalment is due. They cited Pow. on M. 170, 932, 998, 1016, n. p.; 13 Ves. 202; 5 Bro. Parl. Ca. 524] *548; 18 John. 10, 113, 132; 2 Cain. Cas. in Frror 69; Bac. Ab. Tender F.
N. Wright contra.
The motion to quash is overruled.
The case afterwards came to hearing on the pleadings and argument. The execution of the mortgage to secure a sum of money in instalments was admitted, and it was also admitted, that all theinstalments secured by the mortgage were not yet due.
LANE. J. The right of the complainant to a decree, must dejnend upon the assent of the parties, the condition of the mortgage, upon-which the conveyance was to become absolute, and its construction. The condition here is, that if the mortgagor shall pay said money according to the stipulations of the contract the deed shall he void. It is conceded, he has failed to pay, yet he contends the-court shall declare the contract inoperative, until he has failed in further compliance, and construe his contract to be, to make the deed void, if he pay at any time, instead of construing it according-to its plain terms to make it void if he comply with the condition stipulated. It is the contract made that we are to enforce; we arenottomakeanew one for the parties. By paying what is now due, the proceeding may be stayed, otherwise the right to sell remains. The proceedings in New York under the statute of that, state, shed no light upon our path. Nor does the repealed statute of Ohio which allowed a sei. fa. after all the money fell due; that statute gave the mortgagee a cumulative remedy on a mortgage. It never took away the right to proceed in equity. Sale ordered,, and cause continued for report.